IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| SWINDER SINGH, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| WARDEN, in his official capacity as Warden | § | CIVIL ACTION NO. 9:26-CV-00405 |
| of IAH Secure Adult Detention Facility; | § | JUDGE MICHAEL J. TRUNCALE |
| PAUL MCBRIDE, in his official capacity as | § | |
| Field Office Director, Houston ICE Field | § | |
| Office; TODD LYONS, in his official | § | |
| capacity as Acting Director, U.S. Immigration | § | |
| and Customs Enforcement; MARKWAYNE | § | |
| MULLIN, in his official capacity as | § | |
| Secretary, U.S. Department of Homeland | § | |
| Security; and TODD BLANCHE, in his | § | |
| official capacity as Attorney General of the | § | |
| United States, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Swinder Singh (Singh)'s Petition for Writ of Habeas Corpus

(the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Singh is an Indian national who illegally entered the United States on October

7, 2022. [Dkt. 1 at ¶ 40-41]. Sometime before June 2026, United States Immigration and Customs

Enforcement (ICE) detained Singh. *Id.* at ¶ 48.

On June 5, 2026, Singh brought a habeas corpus petition, claiming that his detention

violates the Immigration and Nationality Act, the Fifth Amendment to the United States

Constitution, and the Administrative Procedure Act (APA). [Dkt. 1].

1

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A.  Due Process

Singh argues that the Government violated procedural due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Singh were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Singh's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Singh's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Singh's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Singh's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Singh's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Singh's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Singh to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

## B. Immigration and Nationality Act

Singh is not the first illegal-entrant detainee claiming to have been improperly detained without a bond hearing.  Since the beginning of President Trump's second term, immigration authorities have detained illegal entrants under 8 U.S.C. § 1225(b)(2)(A), which disqualifies detainees from being released on bond. *See* 8 U.S.C. § 1225(b)(2)(A). Singh and his counterparts argue that they should instead have been detained under 8 U.S.C. § 1226(a), which makes bond available. *See id*. § 1226(a). Section 1225(b)(2)(A) provides that aliens "shall be detained" pending removal if they are "applicants for admission" and not deemed "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Any alien "present in the United States who has not been admitted" is an "applicant for admission." 8 U.S.C. § 1225(a)(1). Because

section 1225(b)(2)(A) provides that applicants for admission "shall be" detained during removal proceedings, aliens detained under the statute do not receive bond hearings. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).

Section 1226(a), on the other hand, provides that aliens "may be arrested and detained" pending removal proceedings, at the Attorney General's discretion. 8 U.S.C. § 1226(a). Once an alien is detained under section 1226(a), the Attorney General may "continue to detain the arrested alien" or order the alien released on bond. § 1226(a)(1)–(2). Section 1226 does not expressly require bond hearings either, although it allows detainees to request them when appealing initial custody determinations. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).

### 1. Application of Sections 1225(b)(2)(A) and 1226(a)

Singh is an "applicant for admission" as defined in section 1225. *See* 8 U.S.C. § 1225(a)(1). By his own account, Singh entered the United States without inspection and was present in the United States at the time of his arrest. By consequence, Singh is an alien "present in the United States who has not been admitted," which makes him an applicant for admission under section 1225's definition. *See* 8 U.S.C. § 1225(a)(1). Accordingly, section 1225(b)(2)(A) applies to him. *See id*. § 1225(b)(2)(A). However, section 1226(a), which does not distinguish between groups of aliens, could also apply to Singh. *See id*. § 1226(a). Therein lies the dilemma.

A "basic principle of statutory construction" easily resolves the apparent conflict between sections 1225(b)(2)(A) and 1226(a). *See Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976). If two statutes, one general and one specific, apply to the same subject, the more specific statute controls unless the legislature clearly intended otherwise. *See id*.; *Morton v. Mancari*, 417 U.S. 535, 550–51 (1974). In this case, section 1225(b)(2)(A) is the more specific statute, since it applies only to aliens who are "applicants for admission." See 8 U.S.C. § 1225(b)(2)(A). Here,

4

there is no clear indication that Congress intended for section 1226(a) to displace section 1225(b)(2)(A). Accordingly, section 1225(b)(2)(A) controls. *See Radzanower*, 426 U.S. at 153; *Morton*, 417 U.S. at 550–51. Accordingly, Singh is subject to mandatory detention and is not entitled to a bond hearing. *See* 8 U.S.C. § 1225(b)(2)(A).

The result would not change if Singh were instead detained under section 1226(a), since neither section 1226(a) nor its accompanying regulations expressly require bond hearings. See 8 U.S.C. § 1226(a)–(b); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Section 1226(a) itself merely provides that the Attorney General "may release" discretionarily detained aliens on bond. 8 U.S.C. § 1226(a) (emphasis added). However, the Attorney General can revoke an alien's bond "at any time." Id. § 1226(b). Likewise, regulations passed incident to section 1226(a) provide only that aliens detained under the statute "may request" a custody redetermination from an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). The regulations do not expressly require immigration judges to grant aliens' custody-redetermination requests or hold hearings on them. See id. §§ 236.1(d)(1), 1236.1(d)(1). Read most logically, section 1226(a) and its ancillary regulations make bond hearings a discretionary remedy, not a required procedure. See 8 U.S.C. § 1226(a)–(b); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, even if the Government detained Singh under section 1226(a) instead of section 1225(b)(2)(A), he still would not be entitled to a bond hearing. See 8 U.S.C. § 1226(a)–(b); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). The Government's failure to afford Singh a bond hearing therefore does not violate the INA and does not entitle him to habeas relief. See 28 U.S.C. § 2241(c)(3).

### C. APA

Singh argues that the Government violated the APA by failing to consider mitigating factors [Dkt. 1 at ¶ 88]. The Court lacks jurisdiction to decide the merits of Singh's APA claim,

since it is "unrelated to the cause of [his] detention." *See Pierre*, 525 F.2d at 935–36. Singh's lack of serious criminal history and potential eligibility for asylum or other special statuses do not retroactively make his illegal entry lawful. Because Singh is an illegal entrant, the Government must detain him under 8 U.S.C. § 1225 regardless of whether he has past criminal convictions or pending asylum applications. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 505–06. Accordingly, Singh must bring his APA claim in a separate, non-habeas proceeding. *See Carson*, 112 F.3d at 820–21; *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

### IV. CONCLUSION

It is therefore **ORDERED** that Singh's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 22nd day of June, 2026.**

_____

Michael J. Truncale
United States District Judge

6